Somphalavanh SOPHANTHAVONG,
Plaintiff—Appellant,

v.

Joan PALMATEER; Barbara Atter-
bury; Nick Armenakis; Les Dole-
cal, Defendants—Appellees.

No. 02–35593.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 27, 2003.*

Decided April 23, 2004.

Somphalavanh Sophanthavong, Salem,
OR, pro se.

Timothy A. Sylwester, Esq., Leonard W.
Williamson, Esq., Office of the Oregon At-
torney General's, Salem, OR, for Defen-
dants–Appellees.

Before: SKOPIL, FARRIS, and
LEAVY, Circuit Judges.

MEMORANDUM **

Somphalavanh Sophanthavong, a prison-
er at the Oregon State Penitentiary, ap-
peals the district court's grant of summary
judgment in favor of prison officials in his
42 U.S.C. § 1983 action challenging a dis-
ciplinary order and sanction. The district
court held that Sophanthavong's claim that
the underlying prison regulations are un-
constitutionally vague and overbroad is
barred because he did not assert that
claim in the administrative process. We
have jurisdiction pursuant to 28 U.S.C.
§ 1291, and we affirm.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

462

## DISCUSSION

The district court ruled that the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), mandates dismissal of any unexhausted claim brought by prisoners against prison officials. We agree. The Supreme Court has held that the exhaustion requirement of § 1997e(a) is mandatory and applies even if the inmate is seeking relief that the administrative process cannot provide. *See Booth v. C.O. Churner,* 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Sophanthavong argues that the exhaustion requirement should not apply to his constitutional claims because the prison does not provide for administrative review of such claims. We have recognized in another context that "the principle of exhaustion may exclude certain constitutional challenges that are not within the competence of administrative agencies to decide." *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (applying 8 U.S.C. § 1252(d)(1)). The Supreme Court rejected, however, such a futility argument for § 1997e(a), noting that the statute "is at odds with traditional doctrines of administrative exhaustion, under which a litigant need not apply to an agency that has no power to decree ... relief." *Booth,* 532 U.S. at 741 n. 6, 121 S.Ct. 1819 (internal quotation omitted). The Court did note that in some instances prison officials may have "no authority to act on the subject of the complaint, leaving the inmate with nothing to exhaust." *Id.* at 736 n. 4., 121 S.Ct. 1819 Exhaustion is nonetheless required if the prison officials have "authority to take some responsive action with respect to the type of allegations [appellant] raises." *Id.*

We conclude that Sophanthavong's vagueness and overbreadth claims could have been raised in the administrative proceedings. Sophanthavong could have argued there was insufficient evidence that he violated prison rules because the rules do not define the offenses with sufficient definiteness or establish sufficient standards of enforcement. The appeals officer may have duly considered these arguments in reviewing Sophanthavong's appeal. At most, "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, ... thereby obviating the need for litigation." *Porter v. Nussle,* 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). At least, "for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.*

AFFIRMED.